THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* IRVING ZELKOWITZ, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PHILIP SINGER, Appellant.

First Department, June 9, 1959.

*David M. Markowitz* of counsel (*Edward Wagreich* with him on the brief), for appellants.

*Robert L. Ellis* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* Defendants were convicted on their pleas of guilty to divers violations of the Multiple Dwelling Law and Sanitary Code of the City of New York in connection with the operation and maintenance of a large apartment house on the West Side of Manhattan. Defendant Zelkowitz was sentenced to cumulative fines of $1,050 and 30 days' imprisonment. Defendant Singer was sentenced to a fine of $500. In each case, as is the practice, if the fines were not paid, defendants were subject to imprisonment therefor. All the fines have been paid, and defendant Zelkowitz, after serving five days in the City Prison, was released on a certificate of reasonable doubt granted by a Justice of the Supreme Court.

The record, confirmed by the pleas of guilty, establishes that defendants were culpably responsible for serious violations, imperiling the health and safety of the tenants who lived in the building. The conditions were such as to reveal the deliberateness of their conduct. Under the circumstances the sentences are not excessive and should not be changed.

If that were all there was to the matter there would be no occasion for this court to comment. However, a very distressing circumstance was present in connection with the progress of these matters in the trial court. There appeared in court members and leaders in the community, who expressed an interest in the case, but who did not otherwise have any connection with the building or relation with the defendants. They made strong representations to the court, not always relevant to the particular issues, as to how the matter should be handled and the necessity for the making of an example of these defendants. This was without their having any special familiarity with the issues in the particular case; or if they did, it was not developed in competent form. It was also evident that newspaper publicity, current at the time, was a factor in the minds of those who addressed the court. While intercession with a court in the matter of sentence is not always or wholly impermissible, there are distinct limitations appropriate to a judicial criminal proceeding.*

A Magistrate's Court is a criminal court. Its proceedings are judicial. Under our system those proceedings are to be conducted not only impartially and free from passion, but every defendant, and the public at large, is entitled also to have the appearance of judicial impartiality, untrammeled by passion, pressure, and prejudice.

---

* So, it is common practice for persons to provide sentencing courts with proof of good or bad character and other extenuating or aggravating circumstances. This is not only proper, but quite desirable.

It is recognized that the rather dreadful conditions which obtain in some of the housing in this city at the hands of unscrupulous exploiters require stringent administrative measures, and wherever appropriate, judicial support for such measures. Nevertheless, a standard of correctness and dispassionateness should at all times be maintained by all participants in the judicial process.

It would be a vain thing to undo the sentences imposed and to remand the matters to the Magistrate for reconsideration, since it is concluded, after careful examination, that the severe sentences imposed are well merited. However, this occasion is taken as an opportunity for expressing a *caveat* that the handling of matters of this kind may not be blemished by incidents which reflect discreditably upon the solemn and judicial character of criminal proceedings, even in the case of offenses or misdemeanors affecting housing tried in the Magistrate's Court. It would be regrettable if the appellate courts were driven to the corrective of requiring proceedings to be instituted anew.

Accordingly, the judgments should be affirmed.

BREITEL, J. P., M. M. FRANK, VALENTE, MCNALLY and STEVENS, JJ., concur.

Judgments unanimously affirmed.